**Timothy J. Jones, OSB No. 890654**
Email: tim@timjonespc.com
**Tim Jones PC**
707 SW Washington St., Suite 600
Portland OR 97205
Phone: (503) 374-1414
Facsimile: (971) 925-9034

**John M. Coletti, OSB No. 942740**
Email: john@paulsoncoletti.com
**Paulson Coletti Trial Attorneys PC**
1022 NW Marshall Street, Suite 450
Portland, OR 97209
Phone: (503) 226-6361
Facsimile: (503) 226-6276

**W. Eugene Hallman, OSB No. 741237**
Email:  Office@hallman.pro
**Hallman Law Office**
104 SE 5th Street
PO Box 308
Pendleton, OR 97801
Phone: (541) 276-3857
Facsimile: (541) 276-7620

**Dain Paulson, OSB No. 973653**
Email: dain.paulson@gmail.com
570 NE Tomahawk Island Drive
Portland, OR 97217
Phone: (503)593-9562

        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| TAMMY L. THOMSEN,<br>Personal Representative of the Estate of<br>DALE L. THOMSEN, Deceased,<br><br>      Plaintiff,<br><br>      v.<br><br>NAPHCARE, INC., an Alabama<br>Corporation; WASHINGTON<br>COUNTY, a government body in the State of<br>Oregon; PAT GARRETT, in his capacity as<br>Sheriff for Washington County; ROBERT DAVIS,<br>an Individual; DON BOHN, an Individual;<br>ERIN LARSEN, an individual; LISA WAGNER,<br>an Individual; JULIE RADOSTITZ, MD,<br>an Individual; MELANIE MENEAR, an<br>Individual; KATHY DEMENT, an Individual;<br>RACHEL ECLEVIA, an Individual; KATIE<br>BLACK, an Individual; ANDREA JILLETTE,<br>also known as ANDREA GILLETTE, an<br>Individual; MORGAN HINTHORNE,<br>an Individual; RACHEL STICKNEY, an<br>Individual; and JOHN/JANE DOES 1-10.<br><br>      Defendants. | Case No. 3:19-cv-00969-AC<br><br>PLAINTIFF'S MOTION<br>TO COMPEL<br><br>Request for Oral Argument |

Pursuant to LR 7-1 and Fed. Rule of Civ. Proc. 37(a)(1), plaintiff's counsel gave notice of this motion and conferred with counsel for NaphCare regarding the issues raised in this motion, but the parties were unable to resolve the dispute. See Declaration of Dain Paulson.

**MOTION**

**Page 2 – Plaintiff's Motion to Compel**

Pursuant to Fed. R. Civ. P. 37(a), plaintiff moves to compel the following Requests for Production:

1) REQUEST NO. 2: Copies of all policy manuals, procedures, protocols, guidelines, and any other materials in any form concerning the providing of medical care at the Washington County jail to which healthcare personnel were expected to adhere, including but not limited to; alcohol withdrawal, transportation of patients to local hospitals and/or emergency rooms, CIWA assessments, and charting.

    RESPONSE: Defendant objects to the request to the extent it is intended as a request for admission about what was "expected" and objects that the term is vague and assumes that policy manuals, protocols, guidelines, and the like were intended to set a standard of care rather than act as guidelines. Defendant also objects because the request is vague and overbroad in seeking "any materials in any form." Because the request is vague and overbroad, defendant also objects to the extent it seeks materials protected by the attorney-client privilege and/or privilege afforded work product materials. Without waiving any objection and without affirming that policies or guidelines create an "expectation" that they be strictly adhered to in every circumstance, copies of responsive policies and guidelines are attached.

2) REQUEST NO. 4: Copies of the personnel files of all medical personnel who had any contact with Dale Thomsen while in the Washington County jail.

    RESPONSE: Defendant objects to the request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the request to the extent it seeks protected health information. Defendant further objects to the extent the breadth of the request is intended to harass, embarrass and/or endanger the persons named in seeking personal and private information that is otherwise protected from public disclosure. In the case of persons working in a jail, the disclosure of such information puts the safety and security of the person and/or their family members at risk. Without waiving any objection, responsive materials that relate to professional training are attached with personal information, if any, redacted.

3) REQUEST NO. 29: Copies of any and all final reconciliation reports.

    RESPONSE: Defendant objects to the request because it is vague, overbroad, over burdensome and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims currently at issue.

4) REQUEST NO. 38: Complete copies of all lawsuits filed against the NaphCare defendant, and related entities, as well as against any of the defendant in pending litigation individually for the ten (10) year period preceding the death of Dale Thomsen's death which involved claims of negligent, improper and/or inappropriate medical care.

   RESPONSE: Defendant objects because the request is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NaphCare provides correctional healthcare services to 53 county/city jails and federal prisons totaling 80,000 inmates. Further, NaphCare has dialysis units operational in 13 states. The request also seeks materials which are public record and equally available to plaintiff.

5) REQUEST NO. 39: Complete copies of all documentation within the defendant's possession relating to and/or documenting the number of individuals under the defendant's medical care and supervision who have died while withdrawing from drugs and/or alcohol. [for the past 10 years].

   RESPONSE: Defendant objects to the request because it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the request to the extent it seeks protected health information of persons who are not parties to this action and have not consented to disclosure of the same.

6) REQUEST NO. 41: Complete copies of all Judgments entered against defendant NaphCare, and related entities, for the ten (10) year period predating the date of Dale Thomsen's death which involved claims of negligent, inadequate or inappropriate medical care and/or an award of punitive damages.

   RESPONSE: Defendant objects because the request is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NaphCare provides correctional healthcare services to 53 county/city jails and federal prisons totaling 80,000 inmates. Further, NaphCare has dialysis units operational in 13 states. Additionally, discoverable documents are public record and equally available to plaintiff.

7) REQUEST NO. 42: Complete copies of all lawsuits filed against the NaphCare defendant, and related entities, involving 1983 claims and constitutional violations.

   RESPONSE: Defendant objects because the request is vague, overbroad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NaphCare provides correctional healthcare services to 53 county/city jails and federal prisons totaling 80,000 inmates. Further, NaphCare has dialysis units operational in 13 states. Defendant also notes that non-privileged information regarding lawsuits nationwide is equally available to plaintiff.

8) REQUEST NO. 43: Complete copies of all Judgments entered against the NaphCare defendant, and related entities, involving 1983 claims and constitutional violations.

   RESPONSE: Defendant objects because the request is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NaphCare provides correctional healthcare services to 53 county/city jails and federal prisons totaling 80,000 inmates. Further, NaphCare has dialysis units operational in 13 states. Defendant also notes that non-privileged information regarding lawsuits nationwide is equally available to plaintiff.

9) REQUEST NO. 44: Complete copies of all Income Statements for the last five fiscal years for defendant NaphCare.

   Defendant objects to the request because it is vague, overbroad, over burdensome and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims currently at issue. To the extent plaintiff seeks this information in relation to a punitive damage claim, financial discovery is not permitted until plaintiff has made a prima facie showing of entitlement to recover punitive damages.

10) REQUEST NO. 45: Complete copies of all Balance Sheets for the last five fiscal years and the most recent completed fiscal quarter. These should include an entry for "Cash and Cash Equivalents," as well as one for "Stockholders Equity."

    RESPONSE:  Defendant objects to the request because it is vague, overbroad, over burdensome and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims currently at issue. To the extent plaintiff seeks this information in relation to a punitive damage claim, financial discovery is not permitted until plaintiff has made a prima facie showing of entitlement to recover punitive damages.

11) REQUEST NO. 46: Complete copies of all Cash Flow Statements for the last five fiscal years and the most recent completed fiscal quarter.

    RESPONSE: Defendant objects to the request because it is vague, overbroad, over burdensome and not reasonably calculated to lead to the discovery of admissible evidence

relating to the claims currently at issue. To the extent plaintiff seeks this information in relation to a punitive damage claim, financial discovery is not permitted until plaintiff has made a prima facie showing of entitlement to recover punitive damages.

12) REQUEST NO. 47: Complete copies of all any and all Advertising Expenditures, Research and Development Expenditures, and Capital Expenditures for the last five fiscal years.

    RESPONSE: Defendant objects to the request because it is vague, overbroad, over burdensome and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims currently at issue. To the extent plaintiff seeks this information in relation to a punitive damage claim, financial discovery is not permitted until plaintiff has made a prima facie showing of entitlement to recover punitive damages.

13) REQUEST NO. 48: Complete copies of any and all documentation concerning total compensation for the president and/or chief executive officer of each defendant company for the most recently ended fiscal year.

    RESPONSE: Defendant objects to the request because it is vague, overbroad, over burdensome and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims currently at issue. To the extent plaintiff seeks this information in relation to a punitive damage claim, financial discovery is not permitted until plaintiff has made a prima facie showing of entitlement to recover punitive damages.

14) REQUEST NO. 49: Complete copies of any and all documentation relating to the "Procedure In the Event of an Inmate Death" process as required by the National Commission on Correctional Healthcare Standard J - A - 10 including but not limited to; any administrative review, clinical mortality review, and any psychological autopsy performed in the aftermath of the death of Dale Thomsen.

    RESPONSE: Defendant objects because the request implies the NCCHC has the authority or does "require" a particular thing in every circumstance. The NCCHC is a voluntary credentialing entity. Without waiving any objection or affirming that something was "required," responsive materials in defendant's possession are attached.

15)  REQUEST NO. 53: Copies of any and all adverse event reports and/or other documentation detailing the defendant' investigation into the circumstances and cause of Dale Thomsen's death. This Request is intended to include any Sentinel Event reports, peer review records or other documentation detailing any investigation into Mr. Thomsen's death by the defendant or other entities.

RESPONSE: Defendant objects to the extent the request seeks information protected by the attorney-client privilege, peer review privilege and/or privilege afforded work product materials.

16) REQUEST NO. 66: Copies of all documentation relating to intoxication and withdrawal policies and protocols as required by section 15 of attachment A to the jail healthcare contract.

RESPONSE: Defendant objects to the extent the request assumes what was "required"

This motion is supported by the Declaration of Dain Paulson and the Memorandum of Law filed this same date.

DATED this 20th day of January, 2020.

By: /s/ Dain Paulson
Dain Paulson, OSB No. 973653
Dain.paulson@gmail.com
Attorneys for Plaintiff

**Page 7 – Plaintiff's Motion to Compel**

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I filed this original PLAINTIFF'S MOTION TO COMPEL by Electronic Filing:

>Trial Court Administrator
>US District Court – 740 US Courthouse
>1000 SW Third Avenue
>Portland, OR  97204-2902

With a copy to:

>Honorable Magistrate Judge John V. Acosta
>Mark O. Hatfield United States Courthouse, Room 1127
>1000 Southwest Third Avenue
>Portland, OR  97204-2941

I FURTHER CERTIFY that on the same date a true and correct dopy of this document was served upon the following by Electronic Service (for eFilers) or by US Mail (for those not registered as eFilers):

| | |
|---|---|
| **George S. Pitcher**<br>**Jennifer K. Oetter**<br>**Jacqueline Houser**<br>**Rachel A. Robinson**<br>Lewis Brisbois Bisgaard & Smith LLP<br>888 SW Fifth Avenue, Ste. 900<br>Portland, OR  97204<br>Goerge.pitcher@lewisbrisbois.com<br>Russel.ritchie@lewisbrisbois.com<br>Jennifer.oetter@lewisbrisbois.com<br>Felicia.hubbard@lewisbrisbois.com<br>Rachel.robinson@lewisbrisbois.com<br>Rebecca.ruston@lewisbrisbois.com<br>Harry.perez-metellus@lewisbrisbois.com<br>Tel: 971.712.2800<br>Fax: 971.712.2801 | *Of Attorneys for Defendant Naphcare* |

**Certificate of Filing & Service**

| | |
|---|---|
| **Heidi Mandt**<br>Williams, Kastner, Greene & Markley<br>1515 SW Fifth Avenue, Ste. 600<br>Portland, OR  97201-5449<br>hmandt@williamskastner.com<br>Tel: 503.228.7967<br>Fax: 503.222.7261 | *Of Attorneys for Defendants Washington County, Garrett, Davis & Bohn* |
| **Timothy J. Jones**<br>Tim Jones PC<br>888 SW Fifth Avenue, Ste. 1100<br>Portland, OR  97204<br>tim@timjonespc.com<br>Tel: 503.374.1414 | *Of Attorneys for Plaintiff* |
| **W. Eugene Hallman**<br>Hallman Law Office<br>104 SE 5th Street<br>PO Box 308<br>Pendleton, OR  97801<br>office@hallman.pro | *Of Attorneys for Plaintiff* |
| Dain Paulson<br>570 NE Tomahawk Island Drive<br>Portland, OR  97217<br>Dain.paulson@gmail.com<br>Tel: 503.593.9562 | *Of Attorneys for Plaintiff* |

By: *s/ John M. Coletti*
John M. Coletti, OSB No. 942740
john@paulsoncoletti.com
Of Attorneys for Plaintiff

**Certificate of Filing & Service**