**Timothy J. Jones, OSB No. 890654**
Email: tim@timjonespc.com
**Tim Jones PC**
707 SW Washington St., Suite 600
Portland OR 97205
Phone: (503) 374-1414
Facsimile: (971) 925-9034

**John M. Coletti, OSB No. 942740**
Email: john@paulsoncoletti.com
**Paulson Coletti Trial Attorneys PC**
1022 NW Marshall Street, Suite 450
Portland, OR 97209
Phone: (503) 226-6361
Facsimile: (503) 226-6276

**W. Eugene Hallman, OSB No. 741237**
Email:  Office@hallman.pro
**Hallman Law Office**
104 SE 5th Street
PO Box 308
Pendleton, OR 97801
Phone: (541) 276-3857
Facsimile: (541) 276-7620

**Dain Paulson, OSB No. 973653**
Email: dain.paulson@gmail.com
570 NE Tomahawk Island Drive
Portland, OR 97217
Tel: (503)593-9562

  Attorneys for Plaintiff

**Page 1 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| **TAMMY L. THOMSEN,** Personal Representative of the Estate of **DALE L. THOMSEN**, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>**NAPHCARE, INC.**, an Alabama Corporation; **WASHINGTON COUNTY**, a government body in the State of Oregon; **PAT GARRETT,** in his capacity as Sheriff for Washington County; **ROBERT DAVIS,** an Individual; **DON BOHN,** an Individual; **ERIN LARSEN**, an individual; **LISA WAGNER**, an Individual; **JULIE RADOSTITZ, MD,** an Individual; **MELANIE MENEAR,** an Individual; **KATHY DEMENT,** an Individual; **RACHEL ECLEVIA,** an Individual; **KATIE BLACK,** an Individual; **ANDREA JILLETTE, also known as ANDREA GILLETTE,** an Individual; **MORGAN HINTHORNE,** an Individual; **RACHEL STICKNEY,** an Individual; and **JOHN/JANE DOES 1-10.**<br><br>Defendants. | Case No. 3:19-cv-00969-AC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL** |

### Introduction

Pursuant to FRCP 37 and 34, plaintiff moves to compel defendant NaphCare to provide documents responsive to Plaintiff's RFP #'s 2, 4, 38, 39, 41-49, 53 and 66.

**Page 2 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

Plaintiff brings this Motion to Compel because NaphCare has failed to produce numerous relevant documents. Plaintiff and defense counsel have agreed to conduct deposition of NaphCare personnel between January 31, and February 11, 2020. Declaration of Dain Paulson, Exhibit 1 (hereinafter "Paulson Dec."). Additionally, the parties have made some agreements regarding the scope of certain requests and documents to be produced. Paulson Dec., Exhibit Nos. 4, 6 and 7. However NaphCare has not produced these critical documents necessary for depositions scheduled to begin shortly. Paulson Dec., Exhibit 7.

## Background

This is a 42 USC Section 1983 and related state law claim action by the Estate of Dale Thomsen against NaphCare, several NaphCare employees and Washington County and several of its employees. Washington County contracted with NaphCare to provide medical care treatment to inmates/detainees held at the Washington County Jail. Although NaphCare is liable under Section 1983 as a government actor, Washington County remains ultimately liable for providing inmates/detainees with constitutionally adequate care.

Plaintiff alleges that Dale Thomsen, a detainee at the Washington County Jail, expressed serious and obvious symptoms of alcohol withdrawal over an 8-hour period before his death. Although defendants observed Dale Thomsen's severe alcohol withdrawal symptoms many times, they did nothing to treat his condition. After hours of continuous hallucinatory, agitated and disruptive behavior, Thomsen finally succumbed and died of a cardiac arrest. Plaintiff alleges defendants' failure to properly treat Thomsen caused his death.

**Legal Standard**

Rule 26(b)(1) provides:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Rule 37(a)(1) allows the requesting party – after notice and conferral – to "move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a)(1). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed and . . . of clarifying, explaining, and supporting its objections." *Frontier Recovery, LLC v. Lane Cty.*, 2009 WL 2253726, at *2 (D. Or. July 24, 2009). An "evasive or incomplete" response "is to be treated as a failure to ... respond." Fed.R.Civ.P. 37(a)(4)(b).

Fed. R. Civ. P. 34(b)(2)(B) states: "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Similarly, Fed. R. Civ. P.34(b)(2)(C) requires parties to state whether any responsive materials are being withheld based on an objection.

### Requests 38, 41, 42, and 43:  Documents Regarding Previous Litigation

Request Nos. 38, 41, 42 and 43 seek previous pleadings, judgments and settlements by NaphCare in related claims. NaphCare objects claiming such is irrelevant and that it is equally

**Page 4 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

available to plaintiff. NaphCare's objections are wrong.

Prior litigation is relevant for many reasons. Most importantly, Plaintiff must prove that NaphCare and/or its individual employees were deliberately indifferent/negligent/grossly negligent to plaintiff's medical needs. Records regarding litigation against NaphCare are directly relevant to this critical issue. See e.g. *Lamon v. Adams*, 2010 WL 4513405, at *2 (E.D. Cal. Nov. 2, 2010) ("Courts have permitted the discovery of prior administrative complaints or lawsuits when the previous complaints are sufficiently similar to the claims made in the complaint.").  NaphCare's history in dealing with similar situations is relevant to plaintiff's claims.

Additionally, plaintiff's Second Claim for Relief is a *Monell* liability claim.  To prevail on a *Monell* claim plaintiff must show that NaphCare's behavior is so "persistent and widespread" that it can be considered a "permanent and well settled city policy." *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690-1 (1978); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  The custom must be of sufficient "duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates* at 918.

In *Pitkin v. Corizon Health, Inc.,* 2017 WL 6496565, at *5 (D. Or. 2017) the Court ordered defendant to produce documentation regarding previous lawsuits filed against the Washington County medical provider (Corizon) sued in that case.  The reasons for production are the same in this case.  Plaintiff has to prove defendant NaphCare's policy amounted to a longstanding custom.  Evidence regarding prior lawsuits is relevant to plaintiff's claims.

Page 5 – Plaintiff's Memorandum of Law in Support of Motion to Compel

Lastly, this evidence will not be difficult for NaphCare to provide. NaphCare's Washington County bid response (filed in 2015) shows NaphCare keeps this documentation and has it at hand when it submits governmental contract bids.  Exhibit 8 DTHO NAPHCARE. 000073. This is information NaphCare keeps in the course of its business and could easily provide to plaintiff.

### Request 39: Documents Regarding Deaths Due to Withdrawal

Request No. 39 seeks documentation regarding all persons who have died due to withdrawal while under defendant's care.

Some of plaintiff's causes of action require plaintiff to prove NaphCare had a pattern and practice of being deliberately indifferent to the medical needs of its patients. Additionally, Plaintiff must be allowed to determine how often NaphCare has faced such issues and what their response has been. The number of incidents NaphCare has dealt with is obviously relevant to the sufficiency of its response.

Documents regarding other inmate deaths due to withdrawal issues will be relevant to many issues but most particularly plaintiff's Section 1983 claims. If necessary, such information can be kept confidential through an appropriate protective order.

### Requests 44-48: Punitive Damage Information

Plaintiff's Request Nos. 44-48 seek financial information for punitive damage allegations. NaphCare objects stating the requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NaphCare then states that to the extent plaintiff is seeking punitive damage information, such a request is untimely

because plaintiff must make a "prima facie" case establishing plaintiff's entitlement to punitive damages before receiving punitive damage documents.

Punitive damages are available for § 1983 claims. See *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 17 (1991); *Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985); *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Under Oregon law punitive damages may be awarded when a parties is shown to have acted with "malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." ORS 31.230(1).

A party's financial worth is relevant to claims of punitive damages under federal and state law. See *City of Newport v. Fact Concerts, Inc.*, 456 U.S. 247, 270 (1981) (evidence of financial wealth is traditionally admissible on the issue of punitive damages); *Lamb v. Woodry*, 154 Or 30, 58 P2d 1257,1264 (1936) ("The wealth of defendants is a matter to be considered upon the question of punitive and exemplary damages.").

### Oregon's Punitive Damage Statute Does Not Apply

Oregon's punitive damage statute requires parties seeking punitive damages to present admissible evidence demonstrating entitlement to punitive damages before they can plead or seek discovery on punitive damages. ORS 31.725. NaphCare's responses to plaintiff's punitive damage requests do not mention ORS 31.275, but do demand that plaintiff put forth a "prima facie" case before allowing punitive damages discovery.

*Pruett v. Erickson Air-Crane Co.,* 183 F.R.D. 248 (D. Or. 1998) is directly on point. In *Pruett*, the plaintiff plead a claim for punitive damages pursuant to its state law claims. The

Page 7 – Plaintiff's Memorandum of Law in Support of Motion to Compel

defendant moved to strike the pleading citing ORS 18.365's (now ORS 31.275) requirement that plaintiff offer prima facie proof of punitive damages before pleading entitlement to punitive damages. The Court held that the "prima facie" requirement was "procedural" and therefore should not be applied by federal courts in diversity cases. *Pruett* at 251-52.

In reaching its holding that Oregon's punitive damage statute conflicted with the Federal Rules of Civil Procedure the court stated:

> "The state statute also conflicts with the Federal Rules' liberal discovery scheme. Fed.R.Civ.P. 26 permits discovery of "any matter not privileged, which is relevant to the subject matter involved." The Federal Rules permit discovery of financial information relevant to punitive damages claims even if such information may not be admissible at trial. *CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491 (D.R.I.1994). Additionally, one of the purposes of broad discovery is to encourage settlement. Id. Permitting discovery of the parties' ability to pay may facilitate settlement and avoid protracted litigation. *Id*. If defendants wish to protect their financial documents and can show good cause why discovery ought not proceed, the court may issue a protective order. Fed.R.Civ.P. 26(c).

In *CEH v. FV "Seafarer",* 153 F.R.D 491 (D.R.I 1994), cited by *Pruett*, the court canvassed national authority and held that a prima facie case is not required before seeking discovery:

> When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information about the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages. *Fretz v. Keltner,* 109 F.R.D. 303, 310–11 (D.Kan.1986)[additional citations omitted]

CEH, Inc. v. FV Seafarer, 153 F.R.D. 491, 498 (D.R.I. 1994).

### The Majority Approach Allows Discovery of Punitive Damage Evidence Without a "Prima Facie" Hearing.

*Pruett*, and *CEH* decision are in accord with most federal courts which have found that plaintiffs are entitled to discover financial information relating to the defendant where punitive damages are sought in the complaint. See *EEOC v. Cal. Psychiatric Transitions, Inc.,* 258 F.R.D.

**Page 8 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

391, 394-95 (E.D. Cal. 2009) ("The approach employed by the majority of the federal courts is that a plaintiff seeking punitive damages is entitled to discover information related to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages"); *EEOC v. Braun Elec. Co.,* 2014 WL356998, at *4 (E.D.Cal. Jan. 24, 20); *Momot v. Mastro*, 2011 WL 1833349, at *3-4 (D.Nev. 2011).

NaphCare's request for a "prima facie" showing is unworkable within the context of the Federal Rules of Civil Procedure. This Court has set definite parameters in which plaintiff can seek discovery. Those parameters leave no extra time for additional rounds of discovery regarding punitive damages. Plaintiff has presented good faith pleadings entitling it to punitive damages. These pleadings are enough to entitle plaintiff to seek key discovery regarding NaphCare's financial condition.

NaphCare may cite to the opinion in *EEOC v. US Bakery Inc.*, 2003 WL 23538023 (D. Or. 2003). There the court held that a Title VII plaintiff was required to make a prima facie case before seeking punitive damages. This opinion should not be followed because it is contrary to the great weight of authority regarding discovery of punitive damage information and the cases it cites are not relevant to the issue of whether a prima facie case is required.

First, the holding of *U.S. Bakery* is in conflict with other decisions of this Court, see *Pruett*, supra, and *Columbia Cascade Co. v. Interplay Design,* Ltd., 1990 WL 200099 (D.Or. 1990) ("A party seeking punitive damages may inquire during the discovery period into the financial worth of the party from whom the damages are sought").

**Page 9 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

Second, the *EEOC v. US Bakery* case cited an opinion interpreting ORS 42.315, *Heller v. Ebb Auto Co.,* 1990 WL 103704 (D. Or. 1990). That statute, repealed in 1995, stated that punitive damages could not be offered until a party demonstrated prima facie evidence entitling it to punitive damages. As noted above, the issue of whether plaintiff is required to demonstrate some sort of "prima facie" case is a matter of federal common law, not Oregon statute. *Pruett*, supra. In any event, ORS 42.315 was repealed in 1995 and could have no bearing on this case.

Third, after noting that the statute underlying the *Heller v. Erb* decision had been repealed and stating there was no direction from the 9th Circuit on the issue, *US Bakery* opinion cited a California district court case in support of its decision to require a prima facie case. *US Bakery* at *3 citing *Hangarter v. Paul Revere Life Insurance Company*, 236 F.Supp.2d 1069 (N.D.Cal.2002). However, *Hangarter* does not address the prima facie case issue at all. *Hangarter* dealt with the order of how punitive damages evidence should be presented to avoid improperly inflaming the jury. *Hangarter* at 1095; *US Bakery* at *3. *Hangarter* says nothing about the proof requirements required before seeking *discovery* concerning punitive damages.

The *EEOC v. US Bakery* opinion should not be followed because: 1) it conflicts with the rule set forth in Pruett and the majority of authority nationally regarding discoverability of punitive damages information; 2) the key case cited does not support its ruling; 3) it is inconsistent with the liberal discovery provisions of the Federal Rules of Civil Procedure.

### Request 49:  All Documents Related to NCCHC J-A-10

REQUEST NO. 49: Complete copies of any and all documentation relating to the "Procedure In the Event of an Inmate Death" process as required by the National Commission on Correctional Healthcare Standard J - A - 10 including but not limited to;

**Page 10 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

any administrative review, clinical mortality review, and any psychological autopsy performed in the aftermath of the death of Dale Thomsen.

NaphCare did not specifically object to this request other than stating it objected to the use of the word "require." However NaphCare has not produced all documents responsive to this request. Paulson Dec., Exhibit 7. Attached hereto is a copy of the NCCHC policy "J-A-10 Procedure In The Event Of An Inmate Death." Exhibit 10. The NaphCare/Washington County contract states that NaphCare is obligated to follow all NCCHC guidelines. Exhibit 9. (WASHCO000067-68)

NCCHC J-A-10 requires two types of investigations: a clinical mortality review and an administrative review. J-A-10 defines these reports as follows:

> "An administrative review is an assessment of correctional and emergency response actions surrounding an inmate's death. Its purpose is to identify areas where facility operations, policies and procedures can be improved."
>
> "A clinical mortality review is an assessment of the clinical care provided and the circumstances leading up to a death. Its purpose is to identify areas of patient care or system policies and procedures that can be improved." Exhibit 10.

NaphCare has implemented a specific policy pursuant NCCHC J-A-10. Exhibit 10. DTHO NAPHCARE. 000929-3. NaphCare's policy regarding "Patient Death" cites J-A-10 and requires both a "clinical mortality review" and an "administrative review". *Id.*

NaphCare has produced clinical mortality review documents including the Physician Death Summary and the HSA Death Summary. DTHO NAPHCARE. 002102-05 002157-58; 002128. However, NaphCare has not produced any administrative review documents.

NaphCare should be required to produce all responsive documents because it has not stated a specific objection to producing the requested documents. See LR 26-5(a) (Failure to

**Page 11 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, constitutes a waiver of any objection).

### Request 53:  Adverse Events Reports

Request No. 53 seeks information regarding the NaphCare's investigation into Dale Thomsen's death including adverse event report or similar documents however titled.  NaphCare has objected to the extent the request seeks privileged material but has not produced a privilege log.  Plaintiff respectfully requests an Order compelling NaphCare to produce all documents responsive to Request No. 53.

### Request 66:  Information Concerning Policies and Protocols Regarding Withdrawal

Request No. 66 seeks "[c]opies of all documentation relating to intoxication and withdrawal policies and protocols as required by section 15 of attachment A to the jail healthcare contract. " Attachment A Section 15 states:

| Intoxication and Withdrawal | RFP48 | |
|---|---|---|
| CONTRACTOR shall have a protocol to provide intoxication and withdrawal treatment , support and medical services for drug and/or alcohol addicted inmates. | RFP 48.1 | |
| CONTRACTOR shall provide intermittent monitoring (based on individual need) of the inmates showing signs of intoxication or withdrawal to determine the health status of those individuals . | RFP 48.2 | |
| In severe cases of Intoxication and Withdrawal CONTRACTOR will provide adequate monitoring to ensure the health of the inmate . Compliance with current NCCHC Standards and their site specific Detox Protocol is required. If an inmate is experiencing severe or life threatening intoxication and withdrawal they should immediately be considered for transfer to a licensed acute care facility. | RFP 48.3 | Yes |
| CONTRACTOR will work with the local Methadone treatment center or other appropriate treatment program to provide accessibility to pregnant addicted inmates. | RFP 48.4 | |

Exhibit 13, WASHCO000085.  Documents regarding detox and withdrawal policies and protocols is a central issue in this case.  Defendant provided a partial response to this objection

**Page 12 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

and informed plaintiff during conferral that it would be amending its response.  Paulson Dec., Exhibit 4.  Plaintiff has not received an amended response.

In any event, the request seeks relevant information including 1) documents related to intoxication and withdrawal treatment; and 2) documentation relevant to the change to scope of work section 15.03 in 2016.  The previous version of section 15.03 required monitoring of persons in severe withdrawal every two hours. Exhibit 14, WASHCO000041.   The current version simply states such persons should be "considered" for transfer to a hospital. There is no documentation (i.e. correspondence or emails between WC Jail and NaphCare) regarding the reasons for this change

Plaintiff respectfully requests this Court order defendant NaphCare to produce all documents responsive to request 66.

### Motions to Compel Regarding Documents NaphCare Has Agreed to Produce

Plaintiff's counsel and defense counsel have made agreements that the following documents will be produced.  See Exhibits Nos. 4, 6 and 7.  However, given NaphCare's slow production of documents, and the urgent need for such documents before depositions, plaintiff's counsel includes these document areas in this Motion to Compel.  If these documents are promptly produced plaintiff's counsel will not seek to compel their production.

### Request 2:  Documents Regarding the Provision of Medical Care at Washington County Jail

Request No. 2 seeks documents concerning the provision of medical care at the Washington County jail including policy manuals and protocols.  NaphCare stated objections but originally provided only the requested policy manuals.   As described more fully in the

**Page 13 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

Declaration of Dain Paulson and Exhibits Nos. 6 and 7, the parties negotiated an agreement regarding production of protocols subject to a Protective Order.

These documents are critical to the depositions of NaphCare personnel. Plaintiff brings this Motion to Compel to ensure that these documents will be provided a reasonable time prior to the upcoming depositions.

### Request 4:  Personnel Files

Request No. 4 seeks complete personnel files for NaphCare employees who provided care to Thomsen. Personnel file information is critical to plaintiff's 1983 and negligence claims. See e.g. *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995)).

The parties made the following agreement regarding production of documents in response to Request #4: NaphCare agreed to produce all education documents as well as any disciplinary materials. Exhibit 7.  Plaintiff agreed that production could be pursuant to Protective Order.  Id.  Defense counsel has stated that these documents can be produced promptly.  Exhibit 7.  If so plaintiff will retract this portion of the motion.

### Request 29: Outpatient Care Costs

Request No. 29 seeks reconciliation reports.  Paulson Dec., Exhibit 7.  The parties agreed that this request is limited to reports detailing outpatient care costs. Id.  NaphCare's agreed to produce responsive documents but stated that she is unsure how long they will take to produce. Id.

/ / /

/ / /

**Page 14 – Plaintiff's Memorandum of Law in Support of Motion to Compel**

## Conclusion

For all of the above reasons, plaintiff's Motion to Compel should be GRANTED.

DATED this 20th day of January, 2020.

        PAULSON COLETTI
        Trial Attorneys PC

        By: /s/ John Coletti
          John M Coletti, OSB No. 942740
          john@paulsoncoletti.com

        Dain Paulson, OSB No. 973653
        Dain.paulson@gmail.com

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2020, I filed this original PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL by Electronic Filing:

>Trial Court Administrator
>US District Court – 740 US Courthouse
>1000 SW Third Avenue
>Portland, OR  97204-2902

With a copy to:

>Honorable Magistrate Judge John V. Acosta
>Mark O. Hatfield United States Courthouse, Room 1127
>1000 Southwest Third Avenue
>Portland, OR  97204-2941

I FURTHER CERTIFY that on the same date a true and correct dopy of this document was served upon the following by Electronic Service (for eFilers) or by US Mail (for those not registered as eFilers):

| | |
|---|---|
| **George S. Pitcher**<br>**Jennifer K. Oetter**<br>**Jacqueline Houser**<br>**Rachel A. Robinson**<br>Lewis Brisbois Bisgaard & Smith LLP<br>888 SW Fifth Avenue, Ste. 900<br>Portland, OR  97204<br>Goerge.pitcher@lewisbrisbois.com<br>Russel.ritchie@lewisbrisbois.com<br>Jennifer.oetter@lewisbrisbois.com<br>Felicia.hubbard@lewisbrisbois.com<br>Rachel.robinson@lewisbrisbois.com<br>Rebecca.ruston@lewisbrisbois.com<br>Harry.perez-metellus@lewisbrisbois.com<br>Tel: 971.712.2800<br>Fax: 971.712.2801 | *Of Attorneys for Defendant Naphcare* |

**Certificate of Filing & Service**

| | |
|---|---|
| **Heidi Mandt** <br> Williams, Kastner, Greene & Markley <br> 1515 SW Fifth Avenue, Ste. 600 <br> Portland, OR  97201-5449 <br> hmandt@williamskastner.com <br> Tel: 503.228.7967 <br> Fax: 503.222.7261 | *Of Attorneys for Defendants Washington County, Garrett, Davis & Bohn* |
| **Timothy J. Jones** <br> Tim Jones PC <br> 888 SW Fifth Avenue, Ste. 1100 <br> Portland, OR  97204 <br> tim@timjonespc.com <br> Tel: 503.374.1414 | *Of Attorneys for Plaintiff* |
| **W. Eugene Hallman** <br> Hallman Law Office <br> 104 SE 5th Street <br> PO Box 308 <br> Pendleton, OR  97801 <br> office@hallman.pro | *Of Attorneys for Plaintiff* |
| Dain Paulson <br> 570 NE Tomahawk Island Drive <br> Portland, OR  97217 <br> Dain.paulson@gmail.com <br> Tel: 503.593.9562 | *Of Attorneys for Plaintiff* |

By: *s/ John M. Coletti*
John M. Coletti, OSB No. 942740
john@paulsoncoletti.com
Of Attorneys for Plaintiff

**Certificate of Filing & Service**