IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TAMMY L. THOMSEN**, Personal Representative of the Estate of DALE L. THOMSEN, Deceased

        Plaintiff,

v.

**NAPHCARE, INC.**, an Alabama Corporation; **WASHINGTON COUNTY**, a government body in the State of Oregon; **PAT GARRETT**, in his capacity as Sheriff for Washington County; **ROBERT DAVIS**, an Individual; **DON BOHN**, an Individual; **JULIE RADOSTITZ**, an Individual; **MELANIE MENEAR**, an Individual; **KATHY DEMENT**, an Individual; **KATIE BLACK**, an Individual; **ANDREA JILLETTE**, an Individual; **MORGAN HINTHORNE**, an Individual; **RACHEL STICKNEY**, an Individual,

        Defendants.

Case No. 3:19-cv-00969-AC

OPINION AND ORDER

**MOSMAN, J.**,

On July 6, 2021, Magistrate Judge John V. Acosta issued his Amended Findings and Recommendation ("F&R") [165], recommending that I grant the Motion for Summary Judgment filed by Defendants Washington County, Pat Garrett, Robert Davis, and Don Bohn [17] as to the individual defendants and defer ruling as to Washington County. Plaintiff Tammy L. Thomsen

1 – OPINION & ORDER

filed objections on July 20, 2021 [167]. Defendants responded to those objections on August 3, 2021 [168]. Upon review, I agree with Judge Acosta's findings and recommendation on the issue of liability under 42 U.S.C. § 1983. I GRANT the motion in part and DISMISS this case as to Defendants Pat Garrett, Robert Davis, and Don Bohn. I DEFER ruling on the motion as to Defendant Washington County.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff Tammy Thomsen, acting as Personal Representative of the Estate of Dale Thomsen, objects to Judge Acosta's findings as to Defendant Pat Garrett, Sheriff of Washington County. Specifically, Plaintiff contends a jury could find that Garrett was deliberately indifferent towards the needs of Dale Thomsen because Garrett had assumed ultimate responsibility for the proper execution of the Washington County Jail's health contract. Objections [167] at 10; *see also* Jones Decl. Ex. 113 [83-13] at 34–36; Mandt Decl. Ex. 5, Dep. of Pat Garrett [98-5] at 7–8.

These facts could influence the outcome of a case based on a theory of respondeat superior liability. Nevertheless, I agree with Judge Acosta that the record cannot support a claim under 42 U.S.C. § 1983 because Plaintiff has failed to establish a "sufficient causal connection" between Garrett's actions and the death of Dale Thomsen. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). As such, Garrett cannot be held liable under Section 1983.

Because claims against Garrett may be dismissed on Section 1983 grounds, I see no need to discuss whether claims against Garrett may also be dismissed under the doctrine of qualified immunity. Therefore, I do not adopt Judge Acosta's findings and recommendation insofar as they relate to qualified immunity. F&R [165] at 31–34.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [165] with the exception of its discussion of qualified immunity. I GRANT Defendants' Motion for Summary Judgment [17] as to Defendants Pat Garrett, Robert Davis, and Don Bohn and DEFER ruling as to Defendant Washington County.

IT IS SO ORDERED.

DATED this 31  day of August, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge