IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TAMMY L. THOMSEN, a personal
representative for the estate of DALE L.
THOMSEN, deceased,

        Plaintiff,

v.

NAPHCARE, INC., an Alabama
Corporation, et al.,

        Defendants.

Case No. 3:19-cv-00969-AC

OPINION AND ORDER

MOSMAN, J.,

On November 5, 2021, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R") [ECF 177], recommending that I grant in part and deny in part Plaintiff Tammy L. Thomsen's Motion for Leave to Amend. [ECF 169]. Ms. Thomsen filed timely objections. [ECF 179]. Defendant NaphCare—along with affiliated individual defendants—responded to those objections. [ECF 183]. Upon review, I agree with Judge Acosta. I GRANT in part and DENY in part the motion to amend.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION & ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, objections to non-dispositive motions are reviewed for clear error. *Id.* § 636(b)(1)(A). Moreover, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

With her motion to amend, Ms. Thomsen had two goals: "(1) removing certain defendants who have … been dismissed from this action … and (2) more precisely framing certain allegations … to reflect facts obtained during discovery." Mot. to Amend [ECF 169] at 3. Judge Acosta recommends granting the motion as to the first ground and denying it as to the second. F&R [ECF 177] at 10. In rejecting Ms. Thomsen's attempt to "more precisely frame" her claims, Judge Acosta found amendment was precluded by both Fed. R. Civ. Pro 16(b)(4) and, alternatively, Fed. R. Civ. Pro. 15(a). *Id.* at 4–10.

First, Ms. Thomsen objects to Judge Acosta's Rule 16(b)(4) analysis, contending that no deadline to amend pleadings existed in this case. Pl.'s Objs. [ECF 179] at 5. I agree with Judge Acosta: the parties never explicitly waived or moved the original pleading deadline, so it still stands. F&R [ECF 177] at 5. Because Ms. Thomsen did not meet that deadline, Rule 16(b)(4) applies. And by waiting nearly six months after the close of discovery to file her amended complaint, Ms. Thomsen has failed to show the necessary diligence to meet Rule 16(b)(4)'s good cause standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

2 – OPINION & ORDER

amendment."). Thus, Judge Acosta did not clearly err in denying Ms. Thomsen's motion to amend on Rule 16(b)(4) grounds.

Second, Ms. Thomsen objects to Judge Acosta's Rule 15 analysis. Pl.'s Objs. [ECF 179] at 8. Though Rule 16(b)(4) is an adequate basis to deny Ms. Thomsen's motion, I agree with Judge Acosta that Ms. Thomsen's motion also fails under Rule 15. Contrary to Ms. Thomsen's assertions, *id.* at 6, 9, I find that her proposed complaint includes new factual allegations. These include allegations that Defendants lack certain key health and safety protocols. Mot. to Amend [ECF 169] Ex. 1 ¶¶ 34(b), (g). Though these allegations relate to Ms. Thomsen's original complaint, earlier notice of them surely would have informed the way that Defendants conducted discovery. As a result, amendment of the complaint would likely require Defendants to reopen discovery. Reopening discovery, coupled with Ms. Thomsen's delay in bringing this motion, provide strong support for a finding of prejudice under Rule 15. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Accordingly, I find that Judge Acosta has not clearly erred in his finding that Ms. Thomsen's motion fails under Rule 15.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [ECF 177] as my own opinion. I GRANT Ms. Thomsen's motion to amend as to the removal of Defendants Robert Davis, Rachel Eclevia, and Don Bohn, and deny on all other grounds.

IT IS SO ORDERED.

DATED this 1st day of February, 2022.

MICHAEL W. MOSMAN
United States District Judge