UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TAMMY L. THOMSEN, Personal Representative of the Estate of DALE L. THOMSEN, Deceased,<br><br>                   Plaintiff,<br><br>v.<br><br>NAPHCARE, INC *et al.*,<br><br>                   Defendants. | Case No. 3:19-CV-00969-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Tammy L. Thomsen ("Plaintiff"), the Personal Representative of the Estate of Dale L. Thomsen ("Thomsen"), filed this lawsuit against Defendants NaphCare, Inc. ("NaphCare"), Washington County (the "County"), and assorted NaphCare and Washington County employees and administrators, alleging a multiple claims under 42 U.S.C. § 1983 ("Section 1983") and Oregon law arising from Thomsen's death while in custody at the Washington County jail (the "Jail"). Before the court is NaphCare's Motion to Limit Excessive Expert Testimony and

PAGE 1 – OPINION AND ORDER

Motion to Strike Irrelevant Portions of Expert's Report ("Motion"). (Def. Mot. to Limit Excessive Expert Testimony and Mot. to Strike Irrelevant Portions of Expert's Rep., ECF No. 150 ("Mot.")). For the reasons that follow, the court DENIES NaphCare's Motion, except as GRANTED with respect to the request to strike portions of the Johnson & Mills report, as described below.

*Background*

The court previously set forth the facts of this case in significant detail and thus recounts only a brief summary of the factual and procedural history relevant to the instant motion. (*see* Amended Findings and Recommendation dated July 6, 2021, ECF No. 165.) In 2017, the Hillsboro Police arrested Thomsen and booked him into the Washington County Jail (the "Jail"). While in custody, Thomsen's behavior became erratic, and he suffered an abrupt and observable change in his mental status. Thomsen's concerning behavior continued until he collapsed in a holding cell, where had been placed for observation. Despite several attempts to revive him, Thomsen died.

Plaintiff subsequently filed this lawsuit, alleging Thomsen's death resulted from severe alcohol withdrawal that went unrecognized and untreated by Jail staff and medical personnel. NaphCare denies Thomsen's death resulted from any type of withdrawal, and asserts that all NaphCare personnel, and Jail staff for whom NaphCare provides limited training, responded appropriately given Thomsen's known medical history and symptoms, and provided him with adequate care.

The parties have engaged in extensive, and at times contentious, discovery in this case. To date, Plaintiff has deposed thirty-four fact witnesses and has elicited from NaphCare over 13,000 pages of documents responsive to her numerous discovery requests. (Decl. of George S. Pitcher in Supp. Of Def. NaphCare's Mot. to Limit Expert Test. and Mot. to Strike Irrelevant Portions of

Expert's Report, ECF No. 151 ("Pitcher Decl."), ¶ 20; Decl. of Rachel A. Robinson in Supp. of Def. NaphCare, Inc.'s Resp. to Pl.'s Second Mot. to Compel, ECF No. 128, ¶ 2.) Plaintiff has utilized this same exhaustive approach with respect to expert discovery, having disclosed to defendants sixteen experts that potentially may testify at trial, fourteen of which are medical experts. (Pitcher Decl., Exs. 2-18.)

NaphCare now moves for a court order limiting expert witness testimony based "on the excessive number of expert reports produced by plaintiff." (Def. NaphCare, Inc., Julie Radostitz, MD, Melanie Menear, Kathy Dement, Katie Black, Andrea Gillette, Morgan Hinthorne, and Rachel Stickney's Mot. to Limit Excessive Expert Testimony and Mot. to Strike Irrelevant Portions of Expert Rep., ECF No. 150 ("Mot."), at 2.) NaphCare also seeks to strike as irrelevant portions of a specific expert report. (*Id.* at 3.) Plaintiff opposes the Motion as premature and urges the court to deny it in its entirety. (Pl.'s Resp. in Opp'n to NaphCare's Mot. to Limit Expert Testimony and Mot. to Strike Portion of Expert Rep., ECF No. 158 ("Pl.'s Resp."), at 2.)

*Legal Standards*

Federal Rule of Evidence ("FRE") 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403  The court thus enjoys broad discretion to exclude evidence, including expert testimony, pursuant to FRE 403. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (acknowledging the district court's discretion to exclude evidence under FRE 403, especially "with respect to expert witnesses"). However, the Ninth Circuit has cautioned that because FRE 403 "permits the trial court to exclude otherwise relevant evidence[,]" it is "'an extraordinary remedy to be used sparingly[.]'" *United*

*States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987) (quoting *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985)).

Determining whether evidence should be excluded under FRE 403 "requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of [the conditions outlined in FRE 403] *substantially outweigh* the probative value." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (emphasis added). "[C]umulative evidence [thus] is not necessarily excludable under [FRE] 403[.]" *United States v. Taylor*, No. 96-30343, 1997 WL 661153 (9th Cir. 1997). Rather, the "'evidence must be 'needless[ly] cumulative' before its admission by the district court amounts to an abuse of discretion.'" *Id.* (quoting *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990)); *see also United States v. Miguel*, 87 Fed. App'x 67, 68 (9th Cir. 2004) (explaining that FRE 403's cumulative evidence provision "does not prohibit the introduction of cumulative evidence; rather, it merely permits courts to exclude cumulative evidence when it has little incremental value") "[T]he mere presence of overlap, reference to another expert's report or a similar conclusion . . . does not render an expert report unnecessarily 'cumulative' pursuant to FRE 403." *Montgomery v. Wal-Mart Stores, Inc.*, Case No. 12cv3057-AJB (DHB), 2015 WL 11233382, at *4 (S.D. Cal. Sept. 24, 2015) (quoting *Banks v. United States*, 93 Fed. Cl. 41, 51 (Fed. Cl. May 4, 2010)).

*Discussion*

I.  Motion to Limit Expert Testimony

NaphCare seeks to limit the number of experts that may be presented in this case due to the "unnecessarily redundant and cumulative" opinions contained in the sixteen expert reports disclosed by Plaintiff. (Mot. at 5.) Specifically, NaphCare argues that each of Plaintiff's fourteen medical experts submitted "reports and opinions [that] cover exactly the same topics" — "the

PAGE 4 – OPINION AND ORDER

cause of death, the standard of care applicable to medical providers, the sufficiency of policies and protocols, and the adequacy of supervision and training by administrators." (Mot. at 10.) Because deposing sixteen expert witnesses "would needlessly increase the expense of this litigation," NaphCare urges this court to limit Plaintiff to "a reasonable number of non-cumulative medical experts." (*Id.*) NaphCare suggests that six experts "would be more than sufficient to cover the substantive areas addressed in the [sixteen] reports produced by [P]laintiff." (*Id.*)

Plaintiff disagrees with NaphCare's simplified summary of the opinions presented in the expert reports, explaining that each expert will provide helpful, non-cumulative testimony relevant to six substantive areas that are at issue in this case: (1) corrections medicine, training, and care; (2) addiction medicine; (3) nursing; (4) emergency medicine and hospital care; (5) causation (cardiology, pathology, and forensic medicine); and (6) damages. (Pl.'s Resp. at 7-10.) Plaintiff asserts that even if some of the opinions proffered by her experts are cumulative on their face, those opinions still may be necessary if they would add to the evidence presented in a meaningful way. (*Id.* at 6.) Plaintiff thus argues that NaphCare's proposed limitation on the number of experts she may present is arbitrary, unduly prejudicial, and "inconsistent with the number and complexity of issues in this case." (*Id.*)

"[FRE] 403, as a trial-oriented rule, is properly employed only after the [c]ourt has a complete record upon which to determine whether, in this case, there will be 'needless presentation of cumulative evidence.'" *Montgomery*, 2015 WL 11233382, at *4 (quoting FED. R. EVID. 403). Although the parties have exchanged expert reports in this case and there does appear to be some overlap in the opinions set forth therein, the full extent of Plaintiff's expert opinions cannot yet be known because they have not been deposed, and the contours of their anticipated testimony likely have not been finalized. The court therefore cannot, at this stage of the proceedings, determine

PAGE 5 – OPINION AND ORDER

whether Plaintiff's experts will provide opinion testimony at trial that will amount to the "needless presentation of cumulative evidence" such that exclusion is warranted under FRE 403. NaphCare's Motion thus is premature, and the court declines arbitrarily to limit the number of experts Plaintiff may utilize in this case. *See id.* (denying as premature the defendant's motion to exclude expert testimony under FRE 403 where the parties had exchanged expert reports but had not yet taken the depositions of opposing experts); *see also Ferreira v. Arpaio*, No. CV-15-01845-PHX-JAT, 2017 WL 5496135, at *6 (D. Ariz. Nov. 16, 2017) (denying as overbroad and premature defendants' motion to exclude expert testimony pursuant to FRE 403 where opinions outlined in expert reports were not "identical" as defendants argued). Accordingly, the court DENIES NaphCare's Motion to Limit Expert Testimony without prejudice to NaphCare renewing its arguments in a motion in limine following conclusion of all expert discovery.

The court is cognizant, however, that its ruling likely will force NaphCare to depose all sixteen of Plaintiff's experts. Given the significant costs that NaphCare may incur in doing so, Plaintiff is forewarned that if she does not list one of more of these experts as trial witnesses or does not call them to testify at trial, or if the court ultimately excludes one or more of her experts as needlessly cumulative under FRE 403, NaphCare shall be permitted to seek reimbursement of the fees and costs incurred in deposing each excluded expert should it prevail at trial. Plaintiff is further advised that the court will not hesitate to exercise its discretion to exclude expert testimony pursuant to FRE 403 if it becomes apparent that she intends to present expert testimony that is needlessly redundant and cumulative.

II.   Motion to Strike

NaphCare seeks to strike a portion of Plaintiff's economic impact report ("Report") which includes a calculation of Thomsen's Social Security income. (Mot. at 10.) NaphCare argues

PAGE 6 – OPINION AND ORDER

that information concerning Thomsen's Social Security income is irrelevant because Plaintiff has not made a claim for lost wages or earning capacity, the latter of which generally includes Social Security benefits. (*Id.*) In response, Plaintiff argues that the information is relevant for purposes of determining the economic damages to which Plaintiff is entitled in this case. (Pl.'s Resp. at 11.)

NaphCare presents evidence that Plaintiff previously refused to produce any documentation concerning Thomsen's work history, income, or benefits during the last ten years of his life because she "is not making a claim for lost wages or earning capacity." (Pitcher Decl., Ex. 1 at 8.) Although Plaintiff insists that calculations of Thomsen's future social security income are relevant in deciding her economic damages, such calculations are predicated, to an extent, on Thomsen's work history and wages — information Plaintiff deliberately refused to provide during discovery. Plaintiff cannot now rely on such information to bolster her claim for economic damages. Accordingly, the court strikes the portion of the Report concerning Thomsen's social security benefits and no evidence of such information may be relied on by Plaintiff's experts or introduced at trial.

## Conclusion

Based on the foregoing, the court DENIES NaphCare's Motion to Limit Expert Testimony (ECF No. 15.), except as GRANTED with respect to NaphCare's Motion to Strike.

DATED this 11th day of March, 2022.

JOHN V. ACOSTA
United States Magistrate Judge