UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TAMMY L. THOMSEN, *personal representative of the Estate of* DALE L. THOMSEN, *deceased*,

          Plaintiff,

    v.

NAPHCARE, INC., *an Alabama corporation*; WASHINGTON COUNTY, *a government body in the State of Oregon*; PAT GARRETT, *in his capacity as Sheriff for Washington County*; ROBERT DAVIS, *an individual*; DON BOHN, *an individual*; JULIE RADOSTITZ, MD, *an individual*; MELANIE MENEAR, *an individual*; KATHY DEMENT, *an individual*; RACHEL ECLEVIA, *an individual*; KATIE BLACK, *an individual*; ANDREA JILLETE, *also known as* ANDREA GILLETTE, *an individual*; MORGAN HINTHORNE, *an individual*; RACHEL STICKNEY, *an individual*; and JOHN/JANE DOES 1-10,

          Defendants.

Case No. 3:19-cv-00969-AR

**OPINION AND ORDER**

---

**ARMISTEAD, Magistrate Judge**

    Plaintiff Tammy Thomsen brings this action against defendants Washington County, NaphCare, Inc., and individual NaphCare employees following the death of her husband, Dale Thomsen (Thomsen). Plaintiff alleges that defendants acted negligently and in violation of the

Page 1 – OPINION AND ORDER

Fourteenth Amendment to the United States Constitution when they provided Thomsen inadequate medical care, resulting in his death, while he was in custody at the Washington County jail. (First Am. Compl. ¶¶ 27-53, ECF No. 187.)

As directed by the court's scheduling order, the parties exchanged initial expert witness reports on April 5, 2021. (ECF No. 146.) Plaintiff disclosed an initial expert report by Robert W. Johnson & Associates (RWJA) calculating plaintiff's economic damages resulting from her husband's death. (RWJA Report, ECF No. 151-18.) On May 31, 2022, the deadline for expert rebuttal reports, NaphCare[1] disclosed four rebuttal reports. (ECF No. 196; Pl.'s Mot. at 5, ECF No. 199.) Plaintiff argues that one of those reports,[2] written by Eric Drabkin, is not proper rebuttal under Federal Rule of Civil Procedure 26 because it "seek[s] to contradict expected and anticipated portions of [p]laintiff's case-in-chief." (Pl.'s Mot. at 7 (quotation marks omitted).) Plaintiff moves to strike the Drabkin Report as an untimely initial expert report. (*Id.* at 1.)

Although the parties have not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c)(1), the court issues an opinion and order on Thomsen's nondispositive motion to strike NaphCare's rebuttal reports for the limited purpose of addressing the parties' anticipated motions for summary judgment. As plaintiff acknowledged at oral argument, it is unnecessary to resolve her motion to strike the Drabkin Report before addressing motions for summary judgment. (Tr. of Oral Arg. at 67.) Accordingly, the court denies plaintiff's motion.

---

[1]    The relevant reports were produced on behalf of NaphCare and NaphCare employees Julie Radostitz, Melanie Menear, Kathy Dement, Katie Black, Andrea Gillette, Morgan Hinthorne, and Rachel Stickney. For convenience, the court refers only to NaphCare when describing those defendants' expert disclosures.

[2]    Plaintiff originally moved to strike as improper rebuttal the reports of both Eric Drabkin and Kathryn Wild but has since withdrawn her motion to strike the Wild Report. (ECF No. 258.)

**CONCLUSION**

For the above reasons, for purposes of summary judgment, the motion to strike (ECF No.

199) is DENIED.

DATED: December 15, 2023

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 3  – OPINION AND ORDER